IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02249-BNB

RAHEEM DAVIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Raheem Davis, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The Court reviewed the documents and determined they were deficient. Therefore, on September 6, 2011, Magistrate Judge Boyd N. Boland directed Mr. Davis to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The September 6 order pointed out that Mr. Davis either must submit the $350.00 filing fee for a civil rights action or a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The September 6 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.  The order also informed Mr. Davis that he used "et al." instead of listing all parties in the caption to the complaint and the names in the caption to the complaint did not match the names in the text.

The September 6 order directed Plaintiff to cure the deficiencies in the § 1915 motion and affidavit and the complaint, and to obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov.  The September 6 order warned Mr. Davis that, if he failed to cure the designated deficiencies within thirty days, the complaint and the action would be dismissed without prejudice and without further notice.

On September 21, 2011, Mr. Davis submitted a letter to the Court alleging that he has "asked for a 6 month business receipt of any transactions in my Prisoner Account which I was denied."  *See* ECF No. 4 at 2.  Therefore, on October 21, 2011, Magistrate Judge Boland entered a minute order allowing Mr. Davis an additional fifteen days in which to cure all the deficiencies designated in the September 6 order, including either to file an account statement certified by an appropriate official of Plaintiff's penal institutional or written documentation demonstrating the prison officials have refused to allow him to comply with the September 6 order.  The October 21 minute order warned him that failure to do so within the time allowed would result in the dismissal of the instant action.

On October 21, Mr. Davis filed an amended complaint. On October 28, 2011, he filed a letter (ECF No. 10) stating that prison officials refused to provide him with a certified copy of his trust fund account statement. However, he failed to provide any documentation from officials at his penal institutional to support his claim. On October 31, 2011, Magistrate Judge Boland entered another minute order again allowing Mr. Davis to have fifteen days in which to cure all the deficiencies designated in the September 6 order. The October 31 minute order pointed out that Mr. Davis either must file a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official or written documentation from an appropriate official of his penal institution demonstrating that prison officials have refused to allow him to comply with the September 6 order. Mr. Davis again was warned that failure to do so within the time allowed would result in the dismissal of the instant action.

On November 9, 2011, Mr. Davis submitted documents titled "Order to Show Cause" and "Declaration," neither of which complied with the October 31 minute order by providing either a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official or written documentation from an appropriate official of Plaintiff's penal institution demonstrating that prison officials have refused to allow him to comply with the September 6 order.

Mr. Davis has failed within the time allowed to cure all the deficiencies designated in the September 6 order to cure, or to comply with the October 31 minute order. Therefore, the complaint and the action will be dismissed without prejudice for

failure to cure the designated deficiencies as directed within the time allowed, or to demonstrate why he was unable to do so.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Raheem Davis, within the time allowed, to cure the deficiencies designated in the order to cure of September 6, 2011. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  16th  day of    November   , 2011.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court